PONDER, Justice.
 

 The defendant was convicted of possessing intoxicating liquors for sale for beverage purposes in violation of an ordinance of the Police Jury of DeSoto Parish and sentenced to pay a fine of $400 and cost and the cost of prosecution, in default of the payment of the fine and cost to be confined in the parish jail, subject to work on the public roads, for a period of five months. Pie has appealed.
 

 We are presented, on this appeal, with four bills of exceptions taken to the rulings of the trial court. There are no notes of testimony in the record and the pertinent facts will be taken from the per curiams of the trial judge.
 

 Bill of exception No. 1 was taken to the overruling of a plea to the jurisdiction of the court.
 

 The defendant was arrested in DeSoto Parish near the borderline, at which time he was in possession of a case of whiskey, contained in pint bottles, and a case of beer of a popular brand. The con
 
 *417
 
 tention that the offense was committed in Sabine Parish is not supported by the evidence. In fact, the evidence established the venue in DeSoto Parish and the defendant, shortly after his arrest, admitted that if he had been one hundred yards further before being stopped that he would have been in Sabine Parish. The defendant also stated to the sheriff that as long as Kolb and other fellows could sell liquor at Logansport that he was going to sell it. The exception is not well founded.
 

 Bill of exception No. 2 was taken to the overruling of a motion to acquit the defendant. It appears that this motion is levelled at the failure of the district attorney to ask the specific question if the offense was committed in DeSoto Parish.
 

 Practically the same evidence that was introduced on the plea to the jurisdiction of the court was adduced on the trial of the merits. The location where the accused was arrested was established at a roadhouse on highway 171 in DeSoto Parish which had a notorious reputation and the evidence of the admissions of the defendant, heretofore mentioned, was also, adduced.
 

 Bill of exception No. 3 was taken to the refusal of the trial court to give itself a special charge. Two special charges were tendered by the defendant. The court gave one of the charges and refused the other. The court gave the charge to the effect that if no evidence was adduced to prove the alleged offense occurred in DeSoto Parish the defendant must be acquitted but refused to give the charge that the court cannot take cognizance of the testimony adduced on the hearing of the plea to the jurisdiction of the court. The trial judge was of the opinion that he could take cognizance of his finding and ruling on the plea to the jurisdiction. Be that as it may, there was sufficient evidence adduced on the trial of the merits without taking cognizance of the disposition of the plea. Moreover, the charge was not applicable to the facts and the court could have refused to give it under the provisions of Article 390 of the Code of Criminal Procedure. The charge is not wholly pertinent and requires qualification and explanation because evidence had been adduced on the trial of the merits to establish the venue.
 

 Bill of exception No. 4 was taken to the overruling of a motion for a new trial based on the ground that two witnesses had been discovered who would testify to the circumstances surrounding the arrest of the defendant and that the arrest was made in Sabine Parish. The trial court was not impressed with the newly discovered evidence and states that the result would have been the same had this evidence been produced on the trial in view of the testimony as a whole. The trial court was also of the opinion that due diligence had not been .exercised to obtain this testimony because the witnesses were neighbors of the defendant. We find no error in his ruling.
 

 For the reasons assigned, the conviction, and sentence are affirmed.